# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA -
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DK DISTRIBUTORS, LLC d/b/a ) <br> PAYGO DISTRIBUTORS, LLC,  ) <br>                                                          ) <br>        Plaintiff,                  ) <br>                                                          ) <br> v.                                                       ) <br>                                                          ) <br> SOUTHERN HEALTHCARE                       ) <br> SERVICES, INC.,                                 ) <br>                                                          ) <br>        Defendant.                ) | Civil Case No. 23-221 |

## COMPLAINT

Plaintiff DK Distributors, LLC d/b/a PayGO Distributors, LLC files this Complaint against Defendant Southern Healthcare Services, Inc. for the recovery of monetary damages, and in support thereof, avers as follows:

### THE PARTIES

1. Plaintiff DK Distributors, LLC d/b/a PayGO Distributors, LLC ("Plaintiff") is a limited liability company formed and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at or about 3030 Lyndon B. Johnson Freeway, Suite 1320, Dallas, Texas 75234.

2. Defendant Southern Healthcare Services, Inc. ("Defendant") is a for-profit corporation formed and existing under the laws of the State of Indiana. Defendant may be served with original process through its chief executive officer

1

and registered agent, Darnell Celestine, at or about 615 College Street, Eaton, Indiana 47338. Defendant maintains its principal place of business in Eaton, Indiana.

## JURISDICTION AND VENUE

3. This Court possesses diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of the States of Texas and Indiana, respectively.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(b), in which Defendant maintains its principal place of business in Eaton, Delaware County, Indiana.

## FACTUAL BACKGROUND

5. On or about June 9, 2021, Plaintiff and Defendant entered into that certain PayGo Distributors, LLC Distributor Agreement (the "Distributor Agreement"), by which Defendant contracted to oversee the enrollment of consumers in a Wireless Lifeline Program. A true and correct copy of the Distributor Agreement is attached hereto as **EXHIBIT A** and incorporated herein by reference.

6. Under the terms and conditions of the Distributor Agreement, Defendant was obligated to, *inter alia*, (a) inspect the Equipment within five (5) days of its receipt thereof and report any issues or discrepancies; and (b) distribute the Equipment to customers who successfully enroll in the Wireless Lifeline Program.

7. Under the terms and conditions of the Distributor Agreement, if Defendant damaged, lost, stole, and/or failed to return any of the Equipment to Plaintiff, Plaintiff may charge Defendant the full price of said Equipment.

8. Following the execution of the Distributor Agreement, Plaintiff provided Defendant with cellular telephones, SIM chips, and/or other equipment, including, but not limited to computers, software, books, maps, personnel data, handsets, and other property of Plaintiff (collectively, the "Equipment") in furtherance of Defendant's obligations under the terms and conditions of the Distributor Agreement.

9. Upon receipt of the Equipment, Defendant did not dispute the quality, quantity, and/or condition of the Equipment.

10. Defendant subsequently breached its obligations under the terms and conditions of the Distributor Agreement by, *inter alia*, failing to enroll customers, remit payments to Plaintiff, and/or return property to Plaintiff. These acts and/or events constituted a material breach of the Distributor Agreement.

11. Thereafter, Defendant failed to take action to address, remedy, and/or cure said material breach.

12. On or about July 19, 2022, Plaintiff sent a written demand to Defendant, through Defendant's Chief Executive Officer, which demanded the return of the Equipment by or before August 2, 2022 (the "Demand Letter"). A true and correct

copy of the Demand Letter is attached hereto as **EXHIBIT B** and incorporated herein by reference.

13. Defendant received the Demand Letter.

14. Upon receipt of the Demand Letter, Defendant failed to return the Equipment and those other materials set forth in Paragraph 12 of the Distributor Agreement in its possession, custody, and/or control to Plaintiff.

15. Defendant did not take any action in response to the demand set forth in the Demand Letter.

16. On or about January 5, 2023, Plaintiff sent a notice to Defendant, which terminated the Distributor Agreement, effective immediately, demanded the return of the Equipment, and/or held Defendant liable for the value of the Equipment in its possession, custody, or control (the "Notice"). A true and correct copy of the Notice is attached hereto as **EXHIBIT C** and incorporated herein by reference.

17. Defendant received the Notice.

18. Defendant was afforded a reasonable opportunity to comply with the demand set forth in the Notice.

19. Upon receipt of the Notice, Defendant failed to return the Equipment and/or remit payment for the value of the Equipment, which constitutes a separate and independent material breach of the Distributor Agreement.

20. Defendant did not take any action in response to the demand set forth in the Notice.

21. Defendant is in possession of and/or exercises dominion and/or control over the Equipment with a value of no less than $273,381.60.

22. Plaintiff holds Defendant responsible and/or liable for the full value of the Equipment in its possession, custody, and/or control.

23. Neither Plaintiff nor Defendant have assigned, transferred, and/or conveyed any rights or responsibilities under the Distributor Agreement.

24. Plaintiff and Defendant are the real parties in interest.

25. Defendant is not entitled to an offset, setoff, or other form of compensation under the terms and conditions of the Distributor Agreement.

## **COUNT I**

26. Plaintiff re-alleges and incorporates, by reference, each and every preceding paragraph of the Complaint as though set forth in full herein.

27. At all relevant times, Plaintiff and Defendant were parties to the Distributor Agreement.

28. Defendant committed a material breach of its obligations under the terms and conditions of the Distributor Agreement.

29. Defendant failed to cure its material breach under the terms and conditions of the Distributor Agreement.

30. As a direct and proximate result of Defendant's conduct, including, but not limited to said material breach of the Distributor Agreement, Plaintiff has suffered harm and/or damages in an amount no less than $273,381.60, plus interest, attorneys' fees, and costs.

## COUNT II

31. In the alternative, Plaintiff re-alleges and incorporates, by reference, each and every preceding paragraph of the Complaint as though set forth in full herein.

32. At all relevant times, the Equipment is Plaintiff's property.

33. Defendant is in possession of and/or exercises control and/or dominion over the Equipment with a value of no less than $273,381.60.

34. Defendant is not authorized and/or lacks authority to possess, exercise dominion over, and/or control the Equipment, which is the sole and exclusive property of Plaintiff.

35. Defendant has undertaken acts and/or failed to undertake acts inconsistent with and/or to the exclusion of Plaintiff's rights and interests in the Equipment.

36. Plaintiff demanded the return of the Equipment in writing.

37. Defendant failed to return the Equipment to Plaintiff upon receipt of the Demand Letter.

38. Defendant's acts and/or omissions constitute conversion of Plaintiff's rights and interests in the Equipment.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered harm and/or damages in an amount no less than $273,381.60, plus interest, attorneys' fees, and costs.

### COUNT III

40. In the alternative, Plaintiff re-alleges and incorporates, by reference, each and every preceding paragraph of the Complaint as though set forth in full herein.

41. Defendant received and continues to retain a benefit from Plaintiff to which it is not entitled.

42. Defendant has undertaken acts and/or failed to undertake acts to Plaintiff's detriment

43. Defendant has been unjustly enriched as a direct and proximate result of its conduct in the form of the Equipment with a value of no less than $273,381.60.

44. Plaintiff has suffered harm and/or damages as a direct and proximate result of Defendant's conduct with a value of no less than $273,381.60, plus interest, attorneys' fees, and costs.

45. Defendant lacks any and all justification for its conduct.

46. Plaintiff lacks a remedy at law.

**WHEREFORE**, Plaintiff DK Distributors, LLC d/b/a PayGO Distributors, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Southern Healthcare Services, Inc. in the amount of **$273,381.60**, plus pre- and post-judgment interest at the statutory rate, together with attorneys' fees and costs until said judgment has been satisfied in full; and any other relief that this Honorable Court deems fair and just.

Dated:  February 3, 2023  /s/ *Allyson E. Emley*
Allyson E. Emley
Attorney No. 29241-71
McCARTER & ENGLISH LLP
880 Monon Green Boulevard, Suite 101
Carmel, Indiana 46032
(T) 574.276.0931
aemley@mccarter.com

And

Matthew J. Rifino (DE# 4749)
McCarter & English LLP
Renaissance Centre
405 North King Street, Suite 800
Wilmington, Delaware 19801
(T) 302.984.6300
(F) 302.984.6399
mrifino@mccarter.com

*Attorneys for Plaintiff*

ME1 43852956v.1

## **VERIFICATION**

I, ___JD Hilzendager___, in my capacity as _____ of DK Distributors, LLC d/b/a PayGO Distributors, LLC am authorized to execute this Verification on behalf of DK Distributors, LLC d/b/a PayGo Distributors, LLC, and pursuant to such authority, I verify that the information set forth in the Complaint is true and correct to the best of DK Distributors, LLC d/b/a PayGo Distributors, LLC's knowledge and belief.

Name: JD Hilzendager

Title: EVP and GM

Signature: *JD Hilzendager*

Dated: 02 / 02 / 2023